**HAE JUNG CHUNG LEE, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 07–72815.**

United States Court of Appeals, Ninth Circuit.

Submitted April 20, 2011.*

Filed May 9, 2011.

Alex C. Park, Esquire, Law Offices of Alex C. Park, Santa Clara, CA, for Petitioner.

Aliza Bessie Alyeshmerni, Trial, Richard M. Evans, Esquire, Assistant Director, OIL, Christina Bechak Parascandola, Trial, U.S. Department of Justice, Washing-

ton, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: RYMER, THOMAS, and PAEZ, Circuit Judges.

MEMORANDUM **

Hae Jung Chung Lee, a native and citizen of South Korea, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo claims of due process violations. *Sandoval–Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008) (per curiam). We deny the petition for review.

The agency properly determined that it lacked jurisdiction to consider Chung Lee's application for a U visa. *See* 8 C.F.R. § 214(c)(5)(ii) (listing the application procedures for a U visa); *Lee v. Holder*, 599 F.3d 973, 975–76 (9th Cir.2010) (per curiam) (U.S. Citizenship and Immigration Service has sole jurisdiction over all U visa applications).

Chung Lee's due process contention is unpersuasive. *Cf. Dielmann v. INS*, 34 F.3d 851, 853 (9th Cir.1994) (finding unpersuasive a similar contention that Congress violated due process by delegating authority over visa petitions to the Attor-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ney General rather than the IJs or the BIA).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.